UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., *Plaintiff*, v. TULSIPOOJA HOSPITALITY, LLC, et al., *Defendants*. | Civil Action No. 15-5576 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff Days Inns Worldwide, Inc.'s ("DIW") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Tulsipooja Hospitality, LLC ("TH") and Jitendra Patel ("Patel") (collectively, "Defendants"), Dkt. No. 8. For the reasons stated below, the motion is **GRANTED**.

**I.   BACKGROUND**

DIW is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, Dkt. No. 1. It licenses the operation of Days Inn hotels. Id. ¶ 9. Defendant TH is a limited liability company organized and existing under the laws of the State of Texas, with its principle place of business in Alvarado, Texas. Id. ¶ 2. Patel is the only member of TH, and lives in Weatherford, Texas. Id. ¶¶ 3-4. On September 28, 2012, DIW and TH entered into a franchise agreement ("Franchise Agreement") for the operation of a 45-room Days Inn hotel (the "Facility") in Alvarado, Texas. Id. ¶ 9.

Pursuant to the Franchise Agreement, TH was obligated to operate the Facility for a fifteen-

1

year term.  Id. ¶ 10.  In operating the Facility, TH was required to make periodic payments to DIW for royalties, system assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"), id. ¶ 11; prepare and submit monthly reports to DIW disclosing, among other things, the amount of gross revenue earned at the Facility, id. ¶ 13; and maintain accurate financial information relating to the gross room revenue, and allow DIW to examine, audit, and make copies of the financial information, id. ¶ 14.  The Franchise Agreement states that any delinquent amounts owed would be assessed interest at a rate of 1.5% per month, or the maximum rate allowed by law, whichever is less.  Id. ¶ 12.  The Franchise Agreement also provides that the non-prevailing party shall pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party in enforcing the Franchise Agreement.  Id. ¶ 15.

Patel personally guaranteed TH's obligations under the Franchise Agreement to DIW (the "Guaranty").  Id. ¶ 16.  Under the terms of the Guaranty, Patel agreed to "immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement" in the event of default.  Id. ¶ 17.  In addition, Patel agreed to pay the costs incurred by DIW in enforcing its rights under the Guaranty or the Franchise Agreement, including reasonable attorneys' fees.  Id. ¶ 18.

TH failed to timely pay Recurring Fees to DIW in breach of its obligations under the Franchise Agreement.  Id. ¶ 19.  On August 8, 2014, DIW sent TH a letter stating that (a) it was in default of the Franchise Agreement because it owed DIW approximately $40,569.59 in outstanding Recurring Fees, (b) it had 10 days to cure the default by paying the outstanding amount, and (c) if default was not cured then the Franchise Agreement would be subject to termination.  Id. ¶ 20.  DIW sent nearly identical letters in October 2014, February 2015, and

April 2015 warning TH that it remained in default and owed a growing balance of outstanding Recurring Fees.  Id. ¶¶ 21-23.  As of July 15, 2015, TH owed $75,208.02 in Recurring Fees, interest, and attorneys' fees and costs.  Id. ¶ 24.

DIW filed the instant lawsuit on July 16, 2015, seeking to recover all unpaid fees.  Dkt. No. 1.  Defendants failed to answer or otherwise defend against the Complaint.  On September 11, 2015, DIW petitioned the Clerk of the Court for an entry of default against TH and Patel pursuant to Fed. R. Civ. P. 55(a).  Dkt. No. 6.  The Clerk of the Court entered default against TH and Patel that day.  Dkt. No. 7.

## II.   STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the

3

prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332. The Court also has personal jurisdiction over Defendants based upon consent to personal jurisdiction in this district in the Franchise Agreement. See Affidavit of Suzanne Fenimore ("Fenimore Aff.") Ex. A ¶ 17.6.3, Dkt. No. 8-3. Plaintiff also provided the Court with proof of service of Defendants at the address of Patel, TH's authorized agent, in Alvarado, Texas. See Aff. of Service, Dkt. No. 5. Thus, the Court is satisfied that it has jurisdiction to enter default judgment and that Defendants were properly served.

### B. Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, 908 F.2d at 1149. The Complaint pleads facts which, taken as true, establish Defendants' liability for breach of contract.[1]

In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that

---

[1] Plaintiff's other causes of action—including unjust enrichment—would not alter the damages in this case, so the Court does not analyze the sufficiency of those pleadings.

4

breach.[2]  Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012).  Here, Plaintiff has alleged that (1) there were contractual relationship with Defendants based on the Franchise Agreement and Guaranty, Compl. ¶¶ 9-18; (2) Defendants breached the contracts when they failed to pay outstanding Recurring Fees, id. ¶¶ 19-24; and (3) Plaintiff suffered resulting damages, id.; Fenimore Aff. Ex. G.  Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

### C. Appropriateness of Default Judgment

Next, the Court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, 250 F.R.D. at 177.  The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense.  See Ramada, 2012 WL 924385, at *5.  Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief.  Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not an infant or otherwise incompetent, and are not presently engaged in military service.  See Certification of Bryan Couch, Esq. ¶¶ 10-11, Dkt. No. 8-2; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

---

[2] Although the franchise at issue was located in Texas, the Franchise Agreement provides that the agreement shall be governed by and constructed under New Jersey law, except for conflicts of law principles.  Fenimore Aff. Ex. A ¶ 17.6.1.

**D. Monetary Damages**

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, Plaintiff must prove damages.  See Comdyne I, 908 F.2d at 1149.  DIW seeks judgment in the amount of $84,637.74.[3]  Fenimore Aff. ¶ 13.  This consists of (1) $71,082.87 in Recurring Fees owed under the Franchise Agreement, and (2) $13,554.87 in prejudgment interest.  See Fenimore Aff. Ex. G.

Section 7 of the Franchise Agreement requires TH to pay Recurring Fees, which includes royalties, system assessment fees, service charges, and taxes on any past due amount.  Fenimore Aff. Ex. A ¶ 7.  In addition, the Guaranty requires Patel to immediately pay each of TH's outstanding payments in the event of default.  Fenimore Aff. Ex. B.  Plaintiff proves the principal amount of Recurring Fees owed by Defendants by providing an itemized statement of those fees.  See Fenimore Aff. Ex. G.  Plaintiff also seeks payment of interest.  Section 7.3 of the Franchise Agreement entitles Plaintiff to prejudgment interest on past-due recurring fees at a rate of 1.5 percent per month "accruing from the due date until the amount is paid."  Fenimore Aff. Ex. A ¶ 7.3.  The invoice dates from which TH's past-due recurring fees began accruing interest range from April 2013 to October 2015.  Fenimore Aff. Ex. G.  The Court is satisfied that the interest accrued from these dates, at a rate of 1.5% per month as provided by the Franchise Agreement, matches the amount requested by DIW.[4]  Combination of the principal outstanding balance and

---

[3] DIW does not request attorneys' fees and costs, nor does it submit any documentation addressing the issue.  See Mot. for Default J., Dkt. No. 8.

[4] The Affidavit of Suzanne Fenimore states that Plaintiff is owed $84,637.74, which is $405.00 less than the grand total calculated in the attached itemized statement.  See Fenimore Aff. Ex. G. It is possible that the $405 discrepancy relates to an erroneous omission of "2016 Alliance Dues." See id. at 7.  The Court accept the amount of $84,637.74 sworn to be correct in the Affidavit as correct in fact.

the accrued interest equals the damages Plaintiff requests.   Therefore, DIW is entitled to default judgment in the total amount of $84,637.74.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**.   An appropriate order accompanies this opinion.

Dated: May 6, 2016                                             */s Madeline Cox Arleo*
                                                                                 **MADELINE COX ARLEO**
                                                                                 **United States District Judge**